IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RANDY HATTON** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:14-CV-00031 |
| | § | |
| **AMERICAN WEST WORLDWIDE EXPRESS, INC. D/B/A SECURED AIRFREIGHT EXPRESS, INC.** | § § § § § | |
| *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Randy Hatton files this Original Complaint complaining of Defendant American West Worldwide Express, Inc. d/b/a Secured Airfreight Express, Inc., and would respectfully show the Court as follows:

### I.   THE PARTIES

1.1   Plaintiff Randy Hatton ("Hatton") is a citizen of the United States who resides in Portland, San Patricio County, Texas.

1.2   Defendant American West Worldwide Express, Inc. d/b/a Secured Airfreight Express, Inc. ("American West") is a California corporation with its principal place of business in California.

1.3   Defendant American West does substantial business in the State of Texas.

1.4   At all times pertinent to this Complaint, Defendant American West was and is a foreign motor carrier company operating motor carriers and in the business of the interstate hauling of freight in the United States.

1.5     Defendant American West transacts business in the State of Texas, alone and/or by and through its subsidiaries, and derives substantial revenues from business in the State of Texas.

1.6     Defendant American West may be served with process in this action by delivering summons and copy of this Complaint to its registered agent, Joshua Brown, 2121 10th Street, Suite C, Los Osos, California 93402.

## II.     JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this case because it is a cause of action between Plaintiff Hatton, a citizen of Texas, and Defendant American West, a citizen of California.

2.2     Plaintiff Hatton and Defendant American West are therefore citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.3      Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4     Specifically, Defendant American West's alleged liability in this case arises from the motor vehicle accident that occurred near Three Rivers, Live Oak County, Texas on December 26, 2013.

2.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

## III.     FACTS

3.1     This lawsuit arises out of an incident that occurred on or about December 26, 2013 ("the subject incident").

3.2     At the time of the subject incident, Plaintiff Hatton was driving a 2011 Freightliner truck tractor with a 2011 Stephens Pneumatic trailer attached northbound on Highway 281 near Three Rivers, Live Oak County, Texas, when suddenly and unexpectedly a 2013 International Harvester bobtail truck being driven by James Virgil Alberts exited the Love's Truck Stop (#342)

westbound, entered the northbound lane(s) of Highway 281 and failed to yield the right of way to Plaintiff Hatton.

3.3     Although Plaintiff Hatton applied his brakes and took evasive action to avoid a collision, his eighteen-wheeler jack-knifed and collided with the bobtail truck being driven by James Virgil Alberts.

3.4     James Virgil Alberts received a citation for being inattentive, failing to yield the right of way and causing the subject incident.

3.5     As a proximate result of the subject incident, Plaintiff Hatton sustained serious and disabling injuries, causing him excruciating physical pain and mental anguish.

## IV.   CAUSES OF ACTION

**RESPONDEAT SUPERIOR**

4.1     At the time of the subject incident, James Virgil Alberts was an employee of Defendant American West.

4.2     At the time of the subject incident, James Virgil Alberts was acting within the course and scope of his employment for Defendant American West.

4.3     At the time of the subject incident, James Virgil Alberts was acting in the furtherance of the business of Defendant American West.

4.4     Therefore, pursuant to the doctrine of respondeat superior, Defendant American West is responsible for the negligence and negligence per se of James Virgil Alberts.

**NEGLIGENCE AND NEGLIGENCE PER SE**

4.5     On the date of the subject incident, Defendant American West committed acts of omission and commission that collectively and severally constituted negligence and negligence per se.

4.6     Such negligence and negligence per se was a proximate cause of the subject incident.

4.7     Such negligence and negligence per se was a proximate cause of the severe injuries, physical pain, mental anguish and conscious physical pain and suffering of Plaintiff Hatton.

4.8     Such negligence and negligence per se was a proximate cause of the resulting damages of Plaintiff Hatton for which Defendant American West is legally responsible.

4.9     Specifically, Plaintiff Hatton alleges that James Virgil Alberts was negligent and negligent per se in one or more of the following manners:

   a. Failing to keep a proper lookout for warnings, other vehicles or obstructions as a person of ordinary care would have kept;

   b. Failing to operate his vehicle in a reasonable and prudent manner;

   c. Failing to maintain a proper speed and control under the circumstances;

   d. Failing to timely and properly apply the brakes to his vehicle;

   e. Failing to yield the right-of-way to Plaintiff Hatton;

   f. Failing to avoid striking Plaintiff Hatton; and

   g. Failing to follow company and/or safety policy(ies).

## V.     DAMAGES

5.1     As a producing, direct and proximate result of the incident, injuries, and damages for which Defendant American West is liable, Plaintiff Hatton seeks and is entitled to the following damages:

   a. physical pain and mental anguish in the past and future;

   b. loss of earning capacity in the past and future;

   c. loss of wages and earnings in the past and future;

   d. disfigurement in the past and future;

   e. physical impairment in the past and future;

   f. medical care in the past and future; and

    g.    all other damages and remedies allowed by law and equity.

5.2    The damages sought are greatly in excess of the minimum jurisdictional limits of the Court.

## VI.    PRE-JUDGMENT AND POST-JUDGMENT INTEREST

6.1    Plaintiff Hatton seeks pre-judgment and post-judgment interest as allowed by law.

## VII.    JURY DEMAND

7.1    Plaintiff Hatton respectfully requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hatton prays that this cause be set for trial before a jury, and that he recover judgment of and from Defendant American West for actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, reasonable attorneys' fees, costs of court, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

By:    /s/ Craig M. Sico
Craig M. Sico
Federal I.D. No. 13540
State Bar No. 18339850
csico@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78401
Telephone: (361) 653-3300
Facsimile: (361) 653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFF**

OF COUNSEL:

Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333